FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUN 1 2 2012

CENTRAL DISTRICT OF CALIFORNIA
BY    Shy              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

GARY EWING,

   Plaintiff,

  v.

J. RUANO, et al.,

   Defendants.

Case No.  CV 09-08471 VAP (AN)

MEMORANDUM AND ORDER
DISMISSING PRISONER CIVIL
RIGHTS COMPLAINT

## I. BACKGROUND

Before the Court is the defendants' Fed. R. Civ. P. ("Rule") 12(b)(6) motion to dismiss [28] Plaintiff's pro se prisoner civil rights complaint [3]. The defendants filed and served their pending motion to dismiss on March 26, 2012, and it was noticed for hearing on May 3, 2012. Accordingly, pursuant to Local Rule 7-9, Plaintiff's opposition was due to be filed and served no later than April 12, 2012. Plaintiff failed to file an opposition by the deadline, and he also failed to seek an extension of time to file a timely opposition before the deadline expired.

///

///

///

## II. DISCUSSION

Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." CA C.D. Local Rule 7-12. As noted, Plaintiff failed to oppose the defendants' motion to dismiss by the deadline established in the Local Rules. Accordingly, pursuant to Local Rule 7-12, the Court finds good cause for granting the defendants' unopposed motion to dismiss. *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion); *Holt v. I.R.S.*, 231 Fed. Appx. 557, **1 (9th Cir. 2007) (same; and rejecting pro se plaintiff's contention that the district court should have warned her of the consequences of failing to file an opposition); *Cortez v. Hubbard*, No. CV 07-4556 GHK (MAN), 2008 WL 2156733, *1 (C.D. Cal. May 18, 2008) ("Petitioner has not filed an [o]pposition to the [m]otion and has not requested any further extension of time to do so. Pursuant to Local Rule 7-12, his failure to do so could be deemed to be consent to a grant of the [m]otion"); *Mack-University LLC v. Halstead*, No. SA CV 07-393 DOC (ANx), 2007 WL 4458823, *4 n. 4 (C.D. Cal. Sept. 25, 2007) (stating, where a party "failed to oppose or in any way respond" to a motion, that "[p]ursuant to local Rule 7-12, the Court could grant [p]laintiffs' [m]otion on this ground alone"); *Ferrin v. Bias*, No. ED CV 02-535 RT (SGLx), 2003 WL 25588274, *1 n. 1 (C.D. Cal. Jan. 2, 2003) ("Under Local Rule 7-12, failure to file an opposition may be deemed consent to the granting of the motion").

In accordance with *Ghazali*, the Court has considered the following five factors in deciding to grant the unopposed motion to dismiss: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions."

The first factor always favors dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 640, 642 (9th Cir. 2002).

1    The second factor also favors dismissal because Plaintiff's failure to prosecute
2 interferes with this Court's need to manage its overly burdensome docket. The hardship on
3 the docket of the undersigned Judge is particularly burdensome since she is and has been
4 the only district judge sitting in the Court's Eastern Division for quite some time.

5    The third factor weighs in favor of dismissal where, as here, Plaintiff's failure to
6 prosecute is inexcusable and causes an "[u]nnecessary delay [that] inherently increases the
7 risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643. The risk
8 that witnesses' memories will fade and evidence will become stale is particularly acute here,
9 where the events giving rise to Plaintiff's alleged claims occurred between March 23, 2006,
10 and July 2006 -- nearly six years ago.

11    The fourth factor generally weighs against dismissal, *id.*, however, it logically rests
12 upon an inherent presumption a litigant has complied with the statutory obligations imposed
13 under Rule 11(b) and has manifested a diligent desire to prosecute his or her claims. Where,
14 as here, the prisoner-plaintiff has neither filed a timely opposition to the defendants' motion
15 to dismiss nor applied for a seasonable extension of time to file a timely opposition, the
16 fourth factor favors dismissal.

17    Finally, the Court finds the fifth factor weighs in favor of dismissal where, as here,
18 the Court has previously notified Plaintiff of the need to file a timely response to matters he
19 finds objectionable. *See* 02/05/10 Notice of Filing of Magistrate Judge's Report and
20 Recommendation [6] (notifying Plaintiff his "[f]ailure to object within the time limit
21 specified shall be deemed a consent to any proposed findings of fact" in the Report and
22 Recommendation, and that he must file a response to another party's objections within a
23 specified time); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir.), *cert. denied*,
24 506 U.S. 915, 113 S. Ct. 321(1992) ("[A] district court's warning to a party that his or her
25 failure to obey the court's order will result in dismissal can satisfy the 'consideration of
26 alternatives' requirement.").

27 ///
28 ///

1    Additionally, the Court finds the five foregoing factors also warrant the action be
2  dismissed pursuant to Rule 41(b) and Local Rule 41-1 based upon Plaintiff's failure to
3  prosecute. Rule 41(b); Local Rule 41-1; *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82
4  S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir.
5  1996) (failure to prosecute).

6

7                                **III.  ORDER**

8    Based upon the foregoing reasons, the reference to the Magistrate Judge is vacated,
9  the defendants' motion to dismiss is granted, and the action is dismissed with prejudice. Any
10  and all other pending motions are terminated and the clerk is directed to terminate the
11  action.

12

13  DATED: June _11_, 2012

14                                _____
15                                VIRGINIA A. PHILLIPS
                                 UNITED STATES DISTRICT JUDGE
16

17

18  Presented by:

19

20

21  _____
    Arthur Nakazato
22  United States Magistrate Judge

23

24

25

26

27

28